IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**COUNTY OF CHESTERFIELD, VIRGINIA,**

**Plaintiff,**

v.                                                                    Civil Action No. 3:18cv354

**CHRISTOPHER LANE, *et al.*,**

**Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff the County of Chesterfield, Virginia's (the "County") Motion to Remand (the "Motion").[1] (ECF No. 4.) The County moves to remand this case to the Circuit Court of the County of Chesterfield (the "Chesterfield Circuit Court") for lack of subject matter jurisdiction. Defendants[2] opposed the remand, (ECF No. 7), and the

---

[1] The following motions also pend: Defendants' Motion to Set a Hearing Date for the Defendants' Request for a Preliminary Injunction, (ECF No. 17); the County's Motion that Defendants' Motion for Preliminary Injunction Be Deemed Withdrawn, (ECF No. 18); and, the County's Motion that Defendants' Motion for Hearing Be Denied, (ECF No. 20), (collectively, the "Additional Pending Motions"). Neither a response nor a reply was filed by either party to any of the Additional Pending Motions and the time to do so has expired. Therefore, the matters are ripe for disposition.

Each of the Additional Pending Motions pertains to Defendants' July 23, 2018 Motion for Preliminary Injunction, (ECF No. 13). On that same day, July 23, 2018, the Court denied Defendants' Motion for Preliminary Injunction for failure to comply with Local Rule 7. (July 23, 2018 Order 1 n.1, ECF No. 15.) Because the Court previously denied Defendants' Motion for Preliminary Injunction, the Court will deny as moot each of the Additional Pending Motions. (ECF Nos. 17, 18, 20.)

[2] The Court cannot ascertain with certainty which parties compromise Defendants in this matter. In the state court litigation, the County named Christopher Lane, Stacy Lane, Whitmell Investment Corporation ("Whitmell"), and David Lee as defendants. However, the Notice of Removal adds two additional defendants to the style of the case: Love of Life Fellowship, Inc. and Larry Phillips. Because the Court will remand the case to the Chesterfield Circuit Court, it need not determine whether Love of Life Fellowship, Inc. or Larry Phillips represent defendants

County replied,[3] (ECF No. 10). The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, the matter is ripe for disposition. For the reasons that follow, the Court will grant the Motion.

## I. Procedural and Factual Background

### A. Factual Background

Whitmell Investment Corporation ("Whitmell"), a company owned by David Lee, owns the property located at 500 Baptist Drive in Chesterfield County, Virginia (the "Property"). In 2010, Whitmell applied to the County for a conditional use permit to use the Property as "a private school and/or college" (the "Permit"). (Not. Removal Ex. 1 "State Court Compl." ¶ 6, ECF No. 1-1.) On November 17, 2010, the County approved the Permit, which subjected the Property to various conditions proffered as part of Whitmell's application.[4] Relevant here, in seeking the Permit, Whitmell proffered that "[t]he only use on the Property shall be for a private school and/or college and uses incidental or accessory thereto" ("Proffered Condition No. 1"). (*Id.* ¶ 6.)

Christopher Lane and Stacy Lane now "have custody and control of the Property as tenants, lessees, and/or property manages of the Property." (*Id.* ¶ 3.) Whitmell remains the

---

in this matter. For purposes of the instant motion, the Court refers to Christopher Lane, Stacy Lane, David Lee, and Whitmell as "Defendants."

[3] Defendants also filed a Reply in Opposition to Plaintiff's Motion for Remand Without an Oral Hearing (the "Second Reply"). (ECF No. 14.) Local Rule 7(f)(1) allows for only a response and reply brief to a motion "without first obtaining leave of Court." Local R. 7(f)(1). Because Defendants did not seek leave of Court to file the Second Reply, the Court will not consider it.

[4] The proffered conditions included a restriction on the use of the property, restrictions on access to the public, restrictions on access to the surrounding residential areas, recreational facility setbacks, buffers, developmental standards, and limitations on timbering on the Property.

Property's owner. Between February 2016 and November 2017, the County received six official complaints from the public regarding various uses of Defendants' property, including its use as "housing for the homeless and drug addicts, church services, vacation Bible school for minor children unaccompanied by their parents, and monthly luncheons open to the public." (*Id.* ¶ 12.)

In September 2016, the County issued Whitmell and Stacy Lane a written determination finding that these uses violated the conditional use permit for the property, specifically Proffered Condition No. 1 (the "Determination").[5] After receiving the Determination, Defendants continued to use their property for the allegedly prohibited uses. After reiterating the Determination to Defendants in-person, by phone, and by email numerous times, the County sent Whitmell a Notice of Violation in September 2017 (the "Notice of Violation"). Defendants continue to persist in allegedly prohibited uses.

B. **Procedural Background**

On April 5, 2018 the County filed a Petition for Injunctive Relief (the "Petition") against Defendants in the Chesterfield Circuit Court. The Petition seeks, in relevant part, to enjoin Defendants from participating in activities that do not comport with the conditional use permit.

On April 10, 2018, the County served the Petition on Christopher Lane and Stacy Lane. On April 17, 2018, the County served the Petition on David Lee and Whitmell. On April 30, 2018, Christopher Lane, Stacy Lane, David Lee, and Whitmell filed an Answer and Counterclaim (the "State Court Answer and Counterclaim") in the Chesterfield Circuit Court. (Not. Removal Ex. 4 "State Court Answer and Counterclaim" 1, ECF No. 1-4.) The State Court

---

[5] The Determination included the Director of Planning's interpretation of the Permit. "The Director concluded that Proffered Condition No. 1 limited the use of the Property to a private school and/or college and that 'no other uses would be permitted on the [P]roperty unless additional zoning approval is obtained.'" (State Court Compl. ¶ 13.) The Determination also "provided detailed information on the proper procedure for obtaining approval for" other uses. (*Id.*)

3

Answer and Counterclaim asserted claims pursuant to the federal Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment, while preserving various unspecified tort claims that Defendants did not at that time wish to pursue.

On May 23, 2018, the day before the scheduled injunction hearing to decide the County's Petition, Defendants filed the Notice of Removal in this Court. The Notice of Removal asserted that removal was proper under 28 U.S.C. § 1446(b)(3)[6] and that this Court had jurisdiction pursuant to 28 U.S.C. § 1331[7] and 42 U.S.C. § 2000-cc-2(f).[8] In the Notice of Removal, Defendants assert various federal claims against the County, including violations of RLUIPA,[9] the Takings Clause of the Fifth Amendment,[10] the Takings Clause of the Fourteenth

---

[6] Section 1446(b)(3) permits a defendant to remove a case that was not initially removable within thirty days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

[7] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[8] The cited provision specifies that the "United States may bring an action for injunctive or declaratory relief to enforce compliance with this chapter." 42 U.S.C. § 2000cc-2(f). The provision seems inapplicable to this case.

[9] Defendants allege violations of RLUIPA on account of discriminatory land use regulation, 42 U.S.C. § 2000cc(b), and substantial burden on religious exercise, 42 U.S.C. § 2000cc(a).

[10] "[P]rivate property [shall not] be taken for public use, without just compensation." U.S. CONST. amend. V.

4

Amendment,[11] and the Equal Protection Clause of the Fourteenth Amendment,[12] as well as several common law tort claims.[13]

On May 24, 2018, at the injunction hearing convened to decide the County's Petition, Defendants for the first time notified the Chesterfield Circuit Court of their removal. The Chesterfield Circuit Court generally continued the injunction hearing, pending action from this Court.

### C. Summary of the Parties' Positions Regarding Remand

The County asks this Court to remand the case to the Chesterfield Circuit Court because this Court lacks subject matter jurisdiction. The County also seeks an award of costs and attorney's fees under 28 U.S.C. § 1447(c).[14] The County contends that this Court does not have jurisdiction because: (1) Defendants untimely filed the Notice of Removal, (2) the face of the County's Petition presents no federal question, (3) United States Court of Appeals for the Fourth Circuit precedent holds that state courts properly decide land use questions; and, (4) the removal lacked the unambiguous consent of all Defendants.

The County posits that, in addition to these numerous procedural and substantive legal defects, the timing of removal, and Defendants' failure to cite legal authority to support their allegations, support a finding that the removal "appears to be intended to delay or otherwise

---

[11] "No State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. XIV, § 1.

[12] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

[13] Defendants assert defamation, tortious interference with a business relationship, and fraud.

[14] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

undermine the County's effort to obtain injunctive relief in state court." (Mem. Supp. Mot. 13; Reply 5). For this reason, the County seeks an award of attorney's fees.

In the Notice of Removal, Defendants claim that "[r]emoval is proper under 28 U.S.C. § 1446(b)(3)." (Not. Removal ¶ 4.) In their opposition to the Motion, Defendants clarify for the first time that they did not base their removal on the County's Petition but instead identify a May 15, 2018 email from the County (the "May 15 Email"), (ECF No. 7-3), as an "other paper" from which Defendants first ascertained that the case was removable under 28 U.S.C. § 1446(b)(3).[15] In that email, the County rejected Defendants' request to reschedule the May 24 hearing in the Chesterfield Circuit Court to decide the County's Petition. Defendants assert that this refusal led them to realize that the County was engaging in a "predatory and organized effort . . . to shut down a church and remove the Pastor and his wife by threat of arrest for whatever their reason may be." (Resp. ¶ 9.) Counsel for Defendants states that "[i]t was the Tuesday, May 15, 2018 email from Attorney Russell that triggered our discussions that led us to removal."[16] (*Id.* ¶ 10.)

---

[15] Section 1446(b)(3) provides, in pertinent part:

[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

[16] Defendants neither provide a legal basis for their claim that the May 15 Email constitutes an "other paper" as required by 28 U.S.C. § 1446(b)(3), nor specify how the May 15 Email creates or identifies a federal issue.

## II. Legal Standards

### A. Removal and Remand

Under 28 U.S.C. § 1441(a),[17] a defendant may remove a civil action to a federal district court if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). No presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction. *Id.* (citing *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)). Courts must construe removal jurisdiction strictly. *Id.* (citing *Mulcahey*, 29 F.3d at 151). "'If federal jurisdiction is doubtful, a remand is necessary.'" *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may

---

[17] Section 1441(a) describes which actions may be removed to federal court:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

### 1. Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To arise under federal law, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10–11 (1983) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for [federal] jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

"Where a claim finds its origins in state rather than federal law . . . [courts] have identified a 'special and small category' of cases in which arising under jurisdiction[18] still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (summarizing the factors articulated in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

---

[18] The *Minton* Court called federal question jurisdiction "'arising under' jurisdiction," which refers to the language of the Constitution itself. *See Minton*, 568 U.S. at 257–58.

### 2. Timing of Removal

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). When a defendant may not remove the case based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of [an] . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In deciding whether a subsequent "other paper" gives the defendant notice of the grounds for removal, a "court [may] rely on the face of the initial pleading and on the documents exchanged in the case by the parties," and may "requir[e] that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).

### B. Zoning Authority Under Virginia State Law

In Chesterfield County, Virginia, the Director of Planning has authority, by ordinance, to invoke injunctions to "prevent, restrain, correct, or abate violations of the zoning ordinance." Chesterfield County, Va., Code Ordinances § 19.1-6(D)(3). Virginia courts have authority to "restrain[], correct[], or abate[] . . . by injunction" violations of the zoning ordinance. VA. CODE § 15.2-2208(A).

### III. Analysis

The Court must remand this matter to the Chesterfield Circuit Court because the Defendants have failed to establish that the Petition implicates a federal issue that would give rise to federal question jurisdiction. Although it appears that Defendants lacked an "objectively reasonable basis for seeking removal," *Martin*, 546 U.S. at 141, in this matter, the Court declines to award attorneys' fees to the County.

9

### A. Because State Law Gives Rise to the Injunction Sought in the Petition, the Petition Presents No Removable Federal Issue[19]

Defendants cite 28 U.S.C. § 1331, which establishes federal question jurisdiction, as the basis for this Court's jurisdiction over the matter.[20] Pursuant to the "well-pleaded complaint rule," Defendants must show that "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. The law is crystal clear that a defendant may not rely on a counterclaim or an element of her or his defense to establish federal question jurisdiction.[21] *See id.*; *see also Holmes Grp., Inc.*, 535 U.S. at 831; *Mottley*, 211 U.S. at 152.

The face of the County's Petition does not present any federal question: it raises only issues of state and local law. Specifically, the Petition seeks to enjoin Defendants from using the Property in ways that do not comply with the Property's conditional use permit. By ordinance, the Director of Planning has authority to invoke injunctions to "prevent, restrain, correct, or abate violations of the zoning ordinance." Chesterfield County, Va., Code Ordinances § 19.1-6(D)(3). Virginia courts have authority to "restrain[], correct[], or abate[] . . . by injunction"

---

[19] Because Defendants have failed to establish the Court's subject matter jurisdiction over this matter, the Court need not address the County's three other seemingly meritorious bases for removal. The Court must remand the case to the Chesterfield Circuit Court.

[20] In their Notice of Removal, Defendants do not attempt to invoke the only other independent basis for this Court's exercise of subject matter jurisdiction upon removal: diversity jurisdiction under 28 U.S.C. § 1332.

[21] Defendants' Notice of Removal asserts that the County's conduct violates RLUIPA, the Takings Clause of the Fifth Amendment, the Takings Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. In the State Court Answer and Counterclaim, Defendants style these assertions as counterclaims. But to establish federal question jurisdiction Defendants must specifically show that the County's Petition, and not Defendants' asserted counterclaims, raise a federal issue. *See, e.g., Holmes Grp.*, 535 U.S. at 831.

violations of the zoning ordinance. VA. CODE. § 15.2-2208(A). State and local law provide the exclusive authority for the injunction the County's Petition seeks. Accordingly, the Petition asserts only a state law claim and no removable federal issue. *See Franchise Tax Board*, 463 U.S. at 9–12 (finding that to establish federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action").

Because the "well-pleaded complaint rule" requires that "a federal question [be] . . . presented on the face of the plaintiff's properly pleaded complaint," *Caterpillar Inc.*, 482 U.S. at 392, and the County's Petition raises only issues of state and local law,[22] the Court cannot exercise federal question jurisdiction over this matter.

### B. Despite the Seeming Lack of an Objectively Reasonable Basis for Seeking Removal, Judicial Efficiency Favors Denying the Request for Fees

The County requests attorneys' fees, observing that "Defendants' improper and erroneous removal of this case has delayed timely resolution of the County's request for injunctive relief from the state court," a delay that "could have been avoided through a reasonable inquiry by Defendants' counsel into whether removal was warranted under the federal removal statutes and applicable case law." (Mem. Supp. Mot. 13.) This Court has authority to remand this case and "may require payment of just costs and any actual expenses, including attorney fees, incurred as

---

[22] The United States Supreme Court has found that a "special and small category" of cases exists in which federal courts may exercise jurisdiction over state law claims. *Minton*, 568 U.S. at 258. Nothing on the record indicates that this action falls within the "special and small category" of cases identified by the *Minton* Court. *Id.* (summarizing the factors articulated in *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 314).

11

a result of the removal" if it finds that the Defendants "lacked an objectively reasonable basis for seeking removal." See 28 U.S.C. § 1447(c); *Martin*, 546 U.S. at 141.[23]

Because the County's Petition does not plausibly implicate a question of federal law,[24] and because any federal claim appears only in the answer, those claims constitute defenses and counterclaims that cannot form the basis of removal. *Holmes*, 535 U.S. at 831. This Court could readily find that Defendants lacked an objectively reasonable basis for seeking removal. Indeed, it appears that Defendants removed this case as a delay tactic.[25]

In the interest of judicial expediency, however, the Court declines to further delay proceedings in this matter by requirement parties to brief the issues of fees. No doubt exists that

---

[23] In *Martin*, the Court observed that improper removals "delay[] resolution of the case, impose[] additional costs on both parties, and waste[] judicial resources" and noted that "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin*, 546 U.S. at 140.

[24] It also appears that Defendants untimely removed this case. Title 28, Section 1446(b)(1) requires Defendants to remove a case within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Here, the County served Christopher Lane and Stacy Lane on April 10, 2018, and Whitmell and David Lee on April 17, 2018. Defendants filed the Notice of Removal in this Court on May 23, 2018, more than 30 days later. Because removal jurisdiction must be strictly construed, *Abraham*, 2011 WL 1790168 at *1 (citing *Pinkley Inc.*, 191 F.3d at 399), untimely removal would not have been reasonable.
Defendants claim that removal was proper pursuant to 28 U.S.C. § 1446(b)(3) based on the May 15 Email. Section 1446(b)(3) grants a defendant additional time to remove the case if the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendants do not specify how the May 15 Email satisfies the requirements to constitute an "other paper" as required by the statute and fail to cite any legal authority supporting their contention. 28 U.S.C. § 1446(b)(3). They also fail to identify how a scheduling emails shows that a case "is one which is or has become removable." *See id.* Because Defendants' arguments that they properly removed this action pursuant to 28 U.S.C. § 1446(b)(3) lack any basis in law, the Court rejects this argument.

[25] Defendants' lack of legal citation in either the Notice of Removal or in their subsequent briefing, and the fact that they noticed their removal less than twenty-four hours before the scheduled hearing to decide the County's Petition, strengthens this inference.

12

the Chesterfield Circuit Court can expertly handle all issues, including improper motions, that rise to the forefront upon remand. The Court, in its discretion, declines to award fees associated with this improper removal.

### IV. Conclusion

For the foregoing reasons, the Court will grant the Motion. (ECF No. 4.) An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 12/21/2018
Richmond, Virginia